THE W. T. CRANE CARRIAGE HARDWARE COMPANY, DE-
FENDANT IN ERROR, v. GAETANO M. BELFATTO,
PLAINTIFF IN ERROR.

Submitted March 20, 1908—Decided June 8, 1908.

A building contract provided for two payments, one of $200 when a
part of the work was completed, and the other of $600 when
the contract was completely executed. Before any payments
were made a materialman served a stop notice under the Me-
chanics' Lien law. After the notice was served the materialman
agreed that the first payment of $200 might be made to the con-
tractor, leaving due on the contract, when completed, $600. The
contractor abandoned the work at a time when, as admitted, it
would require $250 to complete it. It appeared that after the pay-
ment of $200 the owner had made other payments, so that when
the contract was abandoned by the contractor the owner had in hand
but $300 out of which to complete the work. *Held*, that all payments made after the stop notice, except the amount consented to
by the materialman, were made by the owner at his own risk,
and that as such advance payments, and the money in hand,
amounted to more than the sum due the materialman under
his notice, and the cost of completion, he was entitled to recover.

On error to the Essex Circuit Court.

Before Gummere, Chief Justice, and Justices Bergen
and Minturn.

For the plaintiff in error, *Gaetano M. Belfatto.*

For the defendant in error, *Charles A. Freick.*

The opinion of the court was delivered by

Bergen, J. Joseph Talkowsky contracted with plaintiff
in error to erect upon his building a fire-escape. The con-
tract price was $800, payable as follows: $200 when the beds
and floors of the fire-escape were on and the balance when
all the work was done. The contract was duly filed under
the second section of the Mechanics' Lien law (*Pamph. L.*
1898, *p.* 538), and on March 26th, 1906, the defendant in
error, having furnished material for the work to the con-

tractor, served upon the plaintiff in error a stop notice under the third section of the same act. The case shows that when the notice was served no part of the contract price had been paid, but that on April 5th, 1906, the defendant in error wrote to the plaintiff in error that he might pay the contractor the first payment of $200, as there was then enough work done on account of the contract to pay the $200, and also the amount due them. It also appeared that after the payment of $200 there remained due, and to become due on account of the contract when completed, the sum of $600, and that at the time of the trial the money remaining in the hands of the plaintiff in error was only $300, he having, notwithstanding the stop notice, paid to the contractor $300 of the $600. The plaintiff in error testified that it would require of the $300 which he had not yet paid out at least $250 to finish the work according to the terms of the contract, and thereupon moved for a direction of a verdict in his favor, which the trial court refused. His claim was that as he only had $300 in hand, and it would cost $250 to complete the contract according to the plans and specifications, there was not in his hands money enough to pay what was due defendant in error. The verdict found by the jury was $300, and for that sum, with costs, judgment was entered. I think the trial resulted correctly, for there remained due, and to become due, on the contract after the stop notice was served, and after the consent had been given to the payment of $200 to the contractor, $600, out of which he was first entitled to finish the work according to the contract. This finishing, the case shows, can be done for $250, and the plaintiff in error should have had in his hands, if he had observed the contract regarding payments, at least $350 to apply towards the debt of the defendant in error. If he made payments out of the $600 before the contract was performed, he was liable to the defendant in error to the extent of its stop notice, certainly for the amount of the judgment, for that sum at least should have been in hand after deducting the $250, which he claims will fulfill the contract.

The judgment below will be affirmed.